UNITED STATES DISTRICT COURT
DISTRICT OF WORCESTER

FILED IN CLERK'S OFFICE
JUL 24 '25 AM 10:04 USDC MA

Frederick Connie (One of The People)  )
   Plaintiff.  )
  )
Vs.  )
  )  CASE NO.
City Of Cambridge (The Municipality), Lieutenant Michael Levecque  )
( in his official capacity)  )
Jane Doe Cambridge Police Sergeant (in her official capacity)  )
Cambridge Health Alliance, Jennifer Vail (in her official capacity)  )
Pro Ems Corporation, John Doe paramedic (in his official capacity), Jane Doe
Paramedic (in her official capacity)
   Defendants.
  )

## COMPLAINT FOR DAMAGES AND JURY TRIAL DEMAND

**Being duly sworn or affirmed. Under penalty of perjury, deposes and says:**

**Frederick Connie in *Propria Persona*,** who is the plaintiff and I make this herein

Complaint in accordance with the STATE of ANY STATE and Federal Rules of Civil Procedures

Laws and Rules.

**Plaintiff Frederick Connie is a Beneficiary of the Preamble and a Constituent member of the Posterity of the Constitution**

     Plaintiff, Frederick Connie, brings this action against the defendants, City of Cambridge Municipality Police Department officer, Officer Jane Doe #2, Lieutenant Michael Levecque, Cambridge Health Alliance Corporation, RN Jennifer Vail Executive Pro Ems Corporation John doe #1 paramedic, Jane Doe #2 paramedic, for violations of Plaintiff's civil rights under 42 u.s.c § 1983, and 42 u.s.c § 1985, and state law, and municipal liability under *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

**Preliminary Statement**

1. This action seeks to redress the deprivation of Plaintiff Frederick Connie's constitutional rights, including but not limited to, the Fourth and Fourteenth Amendments to the United States Constitution. These deprivations resulted from an unlawful seizure, false detention, and a conspiracy among the Defendants to deny Plaintiff Frederick Connie his liberties, all under the color of state law and pursuant to municipal customs, policies, and practices.

2. This Honorable Court, as a federal judicial body, is required to take judicial notice of the common law and fundamental constitutional principles enforced throughout the United States, which serve as the bedrock for the rights asserted herein.

3. Defendants, acting in concert, engaged in a series of unlawful acts, including the warrantless seizure of a minor child without probable cause, the fabrication of evidence, the making of false statements to court, and the unlawful detention of the plaintiff. These actions were based on discriminatory intent and a baseless assumption that Plaintiff, as an "out-of-state" man, posed an unspecified risk.

4. Plaintiff has exhausted administrative processes and attempted to resolve this matter through a private right of action and settlement demand. Defendants have consistently ignored these attempts, necessitating this federal court action.

5. Plaintiff respectfully requested that the court take judicial notice of the material facts provided to the Cambridge City Employee Lieutenant Michael Levecque and the Sworn Affidavits served upon Defendants, City of Cambridge police officer Jane Doe Cambridge Health Alliance Pro Ems Jane Doe #1,

6. John Doe #2, which Defendants failed to challenge the facts in both Affidavits or respond to. Take judicial notice of the Evidence material in, and the Complaint settlement to The City Of Cambridge of Evidence of Facts and the email transcript between Lieutenant Michael Levecque.

## II. Jurisdiction and Venue

7. This court has jurisdiction over subject matter of this action pursuant to 28 u.s.c § 1331, and 1343, and diversity, as this action arises under the Constitution and laws of the United States, specifically 42 u.s.c § 1983 and 1985.

8. This Court also has subject matter jurisdiction pursuant to 28 u.s.c.§ 1332 (diversity of citizenship). Plaintiff
9. Frederick Connie, is a citizen of Arizona. Defendants,including the City of Cambridge, Lieutenant Michael Levecque, Jane Doe Cambridge Police Sergeant, Cambridge Health Alliance, Jennifer Vail, Pro Ems Corporation, John Doe paramedic, and Jane Doe Paramedic, are citizens of Massachusetts or corporations/

Municipalities organized under the laws of Massachusetts with their principal place of business in Massachusetts. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost. This Court has supplemental jurisdiction over related state law claims pursuant to 28 u.s.c. § 1367. Venue is proper in the District of Arizona pursuant to 28 u.s.c. § 1391(b) as a substantial part of the events Giving rise to the claim occurred here and/or because Defendants have not challenged venue, and Plaintiff is a resident of the First Circuit, while all Defendants are located in Massachusetts and have explicitly or implicitly agreed to jurisdiction and venue in Worcester through their conduct and failure to object.

This Court is required to take judicial notice of the common law and fundamental constitutional principles, Civil rights violations under "Supreme Law of the Land" enforced throughout the United States, which form the basis for these federal laws and the rights protected therein. However Plaintiff Frederick Connie Demands that this Honorable Court not allow qualified immunity to none of the defendants on State Law Claims or Federal Law Claims.

This Court has supplemental jurisdiction.

### III. Statement of Facts

10. On March 16, 2024, at approximately 11:16 am, Plaintiff Frederick Connie with his minor child, on 1st Bow Street in Cambridge, Massachusetts at the parking meter material Fact.
11. At that time, City of Cambridge Officers approached Plaintiff and the minor child.
12. Despite the absence of any visible injury or injured party, and without a warrant, Cambridge police officers unlawfully seized Minor Child.
13. Pro Ems paramedics were called to the scene. After examining Minor Child, Pro Ems paramedics cleared Minor Child of any injury, explicitly stating on the record that there were no marks or injuries on Minor Child. This finding eliminated any arguable probable cause for an emergency seizure based on injury.
14. Notwithstanding the Pro EMS findings, Cambridge Officers insisted on continuing the unlawful seizure of Minor Child, acting in conspiracy with others.
15. At approximately 11:45 am, Plaintiff Frederick Connie and Minor Child were transported to Cambridge Health Alliance Hospital.
16. Upon arrival at Cambridge Health Alliance Hospital, Plaintiff Frederick Connie and Minor child were unlawfully detained and detentioned/false imprisonment by Cambridge Health Alliance Security Guards and The City of Cambridge Police officers.

17. All defendants involved in the detention explicitly stated under oath that they would not allow Plaintiff Frederick Connie to leave with minor child, asserting, "we cannot allow plaintiff Frederick Connie to leave with minor-child due to the fact he is from out of state and we cannot take a chance for him leaving. "This statement demonstrates a discriminatory intent based on Plaintiff's out-of-state residency.

18. Dr. Joshua Mullera and other Cambridge Health Alliance medical staff also examined Minor Child and specifically cleared Minor Child of any injuries, abuse, or marks, stating that the child was healthy. This further negated any probable cause for continued detention based on suspected harm.

19. The city of Cambridge Police Department falsely stated that Plaintiff Frederick Connie did not identify himself.

20. In truth, Plaintiff Frederick Connie identified himself at the scene of 1st Bow Street at the parking meter, providing officers with his picture ID, vehicle insurance, Minor Child's birth certificate, and social security card.

21. Despite this clear identification, Cambridge Health Alliance medical staff and Cambridge Police Department officers stated to the Boston Juvenile Court on a petition that Plaintiff Frederick Connie never identified himself, which is contrary to Massachusetts statutory code that requires drivers of vehicles to identify themselves plaintiff was never cited or given any charges for this encounter.

22. The City of Cambridge Police Department Officers and the Cambridge Health Alliance medical staff further stated in a court petition and affidavit to the Boston juvenile Court that the minor-child was unlawfully seized from the house of 15725 W. Belmont Dr, Casa Grande, Arizona.

23. This statement was demonstrably false. Fact material, the minor-child was seized from 1st Bow st Cambridge Massachusetts at the parking meter.

24. Cambridge Health Alliance medical staff, specifically RN Jennifer Vail, conducted a criminal background check, also did a google search on Plaintiff Frederick Connie using Cambridge Health Alliance equipment, This search was performed for the purpose of a criminal investigation and informed The City of Cambridge police department that Plaintiff wife was deceased from giving child birth. An article that RN Jennifer Vail, However RN Nurse Jennifer also turned her investigations over to State agents which is outside the scope of her medical duties and invasion of privacy Cambridge Health Alliance legitimate functions.

25. All parties-Pro Ems, Cambridge Health Alliance, and the City of Cambridge Police officers-conspired against Plaintiff Frederick Connie with false statements regarding his identification and the minor-child being taken from the home in Arizona at 15725 W. Belmont Dr, Casa Grande, Arizona.

26. The officers involved in this investigation falsely stated that the address 15725 w Belmont dr, Casa Grande, Arizona, was "an empty dirt lot with no structures on it" However these claims was challenged by plaintiff with evidence in material and material and fact was also presented to all defendants in two affidavits that were served on the defendants never challenged or rebutted. However "This investigation led the Boston Juvenile Court to falsely believe that Plaintiff Frederick Connie was homeless.

27. This statement was verifiably false, this material and fact as confirmed by Google search, Zillow.com, vehicle registration, vehicle insurance, and check stub, picture ID see Exhibit #1 and the residential property at that address.

28. The landlord's name and phone number for the Arizona address were explicitly given to RN Jennifer Vail and the City of Cambridge officers. However, none of the Defendants turned this crucial information over to Juvenile Court, despite having 72 hours to do so.

29. The City of Cambridge Police Officers turned these false statements over to Boston Juvenile Court, perpetuating a fraud upon the court and undermining Plaintiff's parental rights.

30. Plaintiff Frederick Connie served all defendants with two Affidavits: one affidavit of truth and one affidavit of fact.

31. Bonnie Moray, witness and server of the affidavit of truth witness sent an affidavit of non-response notice on 6/30/2025 to all parties invoice no.# 2025-22702 none of the defendants stated above challenged the non-response by Bonnie Morang.

32. Plaintiff has exhausted the administrative process and sought to handle this matter in a private right of action two times first was on June 6, 2024 second time June 12, 2025 for a settlement, with all defendants and non-response from all parties to settle the matter privately. However none of the Defendants listed above responded a showing of Bad Faith

33. On September 19,2024, at 4:00 PM Plaintiff Frederick Connie had an interview recorded over the phone for two hours with witness Lieutenant Michael Levecque, The City of Cambridge Police Department's officers investigations division.

34. During this interview, Lieutenant Michael Levecque specifically requested evidence of material facts to back Plaintiff's claims regarding the Defendants' actions.

35. Plaintiff Frtederick Connie sent by email the sworn statements and testimony that had been sent to Boston Juvenile Court, along with statements from the Cambridge Police Department officers and Cambridge Health Alliance medical staff indicating that Plaintiff was not free to leave because he was from out of state. Plaintiff also provided material facts to Lieutenant Michael Levecque by email that further detailed the lack of injuries sustained by the minor-child, all of which were turned over to Boston Juvenile court.

36. Once Lieutenant Michael Levecque had this information, all communication from the City of Cambridge and Cambridge Health Alliance ceased

37. Despite Plaintiff's diligent efforts to settle the case privately and provide clear, documented facts to all Defendants, including through the administrative process and direct communication with Lt Micheal Levecque, all Defendants would not respond to the Affidavits of fact and truth to settle the case in private. All Defendants ignored Plaintiff Frederick Connie, confirming that "silence is exquisite".

38. **FACTUAL ALLEGATIONS:** " Immediately following the unlawful seizure of Plaintiff's minor Child from 1st Bow Street in Cambridge, Massachusetts, on Saturday, at 11:16 am March, 16th 2024, by agents of the Defendant City of Cambridge, including Defendant Sergeant Jane Doe. This seizure occurred without a warrant, probable cause, or exigent circumstances that would justify such an immediate and non-consensual removal, violating Plaintiff's Fourth and Fourteenth Amendment rights.

39. Following this unlawful seizure, Plaintiff Frederick Connie was unlawfully detained and imprisoned by Defendants at Cambridge Health Alliance Hospital, preventing him from leaving. In concerted effort to unlawfully justify the child's seizure and ensure the permanent deprivation of Plaintiff's parental rights, Defendants, including Cambridge Health Alliance Hospital, Jennifer Vail, Dr. Joshua Muller, and City of Cambridge Police Sergeant Jane Doe, engaged in a scheme and conspiracy to fabricate evidence and commit perjury before the Juvenile Court.

40. Specifically, at approximately 12:41 pm on Saturday, March 16, 2024( approximately one and a half hours after the minor-child was unlawfully taken), Defendant Cambridge Police Sergeant Jane Doe, while at Cambridge Health Alliance Hospital, made an intake report and filed a 51a petition (Petition # 4420755) with the Boston Juvenile Court Warrant Division, through Judge Baker Screening agency, Agent Maria Garcia.

41. However, at approximately 2:51 pm on March 16, 2024, Defendants Cambridge Health Alliance Hospital, RN Jennifer Vail (RN), and Dr. Joshua Muller, despite not having been present at the actual seizure location of 1st Bow Street in Cambridge, Massachusetts, and lacking direct personal knowledge of the circumstances of the child's seizure, independently made a separate intake report and a distinct 51A petition (Petition # 4420746) through the same Judge Baker screening agency with agent Hanasarah Fils-Aime, also requesting a warrant from the Boston Juvenile Court .

42. These Defendants, including Jennifer Vail, Dr. Joshua Muller, and Sergeant Jane Doe, with full personal knowledge of the falsity of their statements, copied word-for-word the exact same fabricated details from one another's reports. In their respective reports and court affidavit/petition # 4420746, Cambridge Health Alliance ( through Defendants Vail and Muller) falsely stated, under penalty of perjury, that the minor-child was seized without a warrant from a home located at 15725 West Belmont Drive Casa Grande, Arizona. This statement was known by these Defendants to be false at the time it was made and submitted to the Juvenile Court.

43. This coordinated presentation of identical, fabricated documents and perjured statements by Defendants Vail, Muller, and Sergeant Jane Doe, including the egregious misrepresentation of the child's seizure location, demonstrates a clear agreement and overt acts in furtherance of a conspiracy to violate Plaintiff Frederick Connie's fundamental rights, including his right to due process, his parental rights, freedom from unlawful detention. These actions were taken with the specific intent to mislead the Juvenile Court and unlawfully facilitate the permanent removal and subsequent adoption of Plaintiff's minor child.

44. "Furthermore, these actions, including the conspiracy to commit perjury, fabricate evidence, unlawfully seize, and separate Plaintiff from his child, were motivated by an invidious, class-based discriminatory animus against Plaintiff Frederick Connie. However, upon information and belief, the Cambridge Police Department has a systemic and well-documented history of racial disparities in its law enforcement practices and the application of force, indicating discriminatory customs, policies, or practices.

45. Specifically, a report from September 2023, as detailed in *The Harvard Crimson*, revealed that the Cambridge Police Department disproportionately arrested Black individuals at the highest rate in at least thirteen (13) years. In the first half of 2023, over 50 percent (50.9%) of all arrests made by the Cambridge Police Department were Black individuals. This stands in stark contrast to the demographic makeup of Cambridge, where Black residents constitute approximately 10.7% of the population according to the 2020 U.S. Census.

46. Further, the Cambridge Police Department's own use-of-force report indicates a disproportionate application of force against racial minorities. In 2022, 65% of use-of-force incidents involved Black and Hispanic individuals, an increase from 53% in 2021 and 58% in 2020. This data demonstrates a pattern of disparate treatment based on race and ethnicity in application of police force.

47. Furthermore, on March 16th, 2024 at 11:16am, a minor-child was subjected to an invasive sexual assault procedure by Cambridge Health Alliance without Plaintiff Frederick Connie consent, without a warrant, and no judicial approval or probable cause, due to City of Cambridge Police Sergeant Jane Doe wanted to run more test on minor child after the fact that Pro EMS paramedics cleared the minor-child of any injuries abuse or harm. However this action was taken because Sergeant Jane Doe stated that the minor-child belonged to Plaintiff Frederick Connie but evidence at the scene at 1st Bow st proves otherwise. The circumstances surrounding this procedure, including any direct or indirect involvement, facilitation, or coordination by the Cambridge Police Department, are relevant to demonstrating a broader pattern of governmental overreach and disregard for constitutional liberties, particularly as it may affect vulnerable populations and intersect with patterns of racial disparity."

## IV. Causes of Action

**COUNT I:** Unlawful Seizure - 42 U.S.C. § 1983 - Due Process (Fourth and Fourteenth Amendments) Against City of Cambridge officers, Cambridge Health Alliance Security Staff, Pro Ems Paramedics.

48. Plaintiff realleges and incorporates by reference all preceding paragraphs.
49. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable seizures.
50. Defendants City of Cambridge police officers, Pro Ems Paramedics, Cambridge health Alliance staff, acting under color of state law, seized Minor Child without a warrant and without probable cause, as consistently evidenced by lack of injury to Minor Child and clear findings of Pro EMS paramedics and Cambridge Health Alliance staff, including Dr. Joshua Muller, that there were no marks, injuries, or abuse.
51. This seizure was objectively unreasonable and violated Minor Child's constitutional right to be free from unlawful seizure.
52. As a direct and proximate result of the City of Cambridge police department, Pro Ems, Cambridge Health Alliance staff members unlawful conduct, Plaintiff and Minor Child suffered damages, including but not limited to, emotional distress, loss of liberty, and interference with parental rights.

**Causes of Action count II: Unlawful Detention/False Imprisonment- 42 U.S.C § 1983 (Fourth and Fourteenth Amendments) against City of Cambridge officers, Pro Ems, Cambridge Health Alliance Security Guards, Dr. Joshua Muller, and RN Jennifer Vail.**

53. Plaintiff realleges and incorporates by reference all preceding paragraphs.
54. The Fourth and Fourteenth Amendments protect individuals from unreasonable detention and false imprisonment without probable cause or legal justification, And further protect a liberty interest in freedom from arbitrary. As a direct and proximate result of the Defendant's unlawful detention/false imprisonment, Plaintiff suffered damages, including but not limited to, loss of liberty, emotional distress, and disruption of life. Plaintiff faces an irreparable threat of future unlawful detentions that cannot be adequately remedied by monetary alone.
55. Defendants CPD Officers, CHA Security Guards, DR. Joshua Mullera, and RN Jennifer Vail, acting under color of state law and within the scope of their employment, unlawfully detained/false imprisonment Plaintiff Frederick Connie and Minor Child at Cambridge Health Alliance Hospital without probable cause or legal authority.

56. As a direct and proximate result of the Defendants' unlawful detention/false imprisonment, Plaintiff suffered damages, including but not limited to, loss of liberty, emotional distress, and disruption of life. **Cause of Action count III: Conspiracy to Deprive of Civil Rights, Interfere with Civil Rights - 42 U.S.C. § 1985(3) against all Defendants: City of Cambridge Municipality, lieutenant Michael Levecque, Jane Doe Cambridge Police Sergeant, Cambridge Health Alliance Corporation, RN Jennifer Vail, Pro Ems Corporation, John Doe Paramedic, and Jane Doe Paramedic.** Plaintiff realleges and incorporates by reference all preceding paragraphs..Defendants, including City of Cambridge, Lieutenant Michael Levecque, Jane Doe Cambridge Police Sergeant, Cambridge Health Alliance, RN Jennifer Vail, Pro Ems Corporation, John Doe Paramedic, and Jane Doe Paramedic, together with other unnamed individuals defendants acting in concert, formed a conspiracy with the purpose of depriving Plaintiff Frederick Connie of his constitutional rights, including but not limited to, his rights to liberty, due process, and equal protection under the Fourth and Fourteenth Amendments. (A.) The Defendants acted with an invidious discriminatory animus towards Plaintiff due to his race as a Black male. This racial animus motivated the conspiracy to deny Plaintiff equal protection of laws and equal privileges and immunities under the laws, specifically infringing upon his rights to be free from unlawful seizure and detention, and to a fair, truthful, and unbiased investigation in police and court proceedings. The Defendants' actions were specifically motivated by the protected class Plaintiff represents. In furtherance of this racially discriminatory conspiracy, Defendants engaged in a series of overt acts, including, but not limited to: The unlawful seizure of Minor Child without probable cause, despite Pro EMS and CHA medical staff clearance of no injury, motivated by baseless assumptions rooted in racial bias.( B.) The false statements made by City of Cambridge Police Officers and Cambridge Health Alliance staff regarding Plaintiff's identification, designed to create a misleading narrative. (C.) The false statement was made by City of Cambridge Police Officers and Cambridge Health Alliance staff regarding the minor child's place of seizure (claiming seizure from a "dirt lot in Arizona instead of 1st Bow Street in Cambridge, Massachusetts),   (D.) The unlawful background check conducted by RN Jennifer Vail, using Cambridge Health Alliance equipment, which was performed for the purpose of a criminal investigation and used to create a prejudicial narrative against Plaintiff. (E.) The false statements made by City of Cambridge Police Officers regarding Plaintiff's home address, particularly the claim that 15725 W. Belmont Dr, Casa Grande, Arizona, was "an empty dirt lot with no structures on it, "leading the Boston Juvenile Court to falsely believe Plaintiff was homeless. This deliberate misrepresentation of Plaintiff's residence, in the face of readily available contradictory evidence, constitutes a racially motivated failure to conduct a truthful and unbiased investigation. (F.) The knowing withholding of material exculpatory information from Juvenile Court, specifically the landlord's contract information for the Plaintiff's true residence, further perpetuating the false narrative about Plaintiff's living situations demonstrating a racially biased disregard for

truthfulness in investigation. G. The unlawful detention and false imprisonment of Plaintiff Frederick Connie and minor Child, perpetrated by City of Cambridge Police Officers, Cambridge Health Alliance Security Guards, Dr. Joshua Mullera, RN Jennifer Vail, and Pro Ems Paramedics, wherein Defendants explicitly stated, "we cannot allow plaintiff Frederick Connie to leave with minor-child due to the fact he is from out of state and we cannot take a chance of him leaving." This stated justification, in conjunction with the Defendants' other actions, demonstrates a discriminatory intent based on Plaintiff's out-of-state residency and, fundamentally, on his race, in furtherance of the racially motivated conspiracy to deny Plaintiff his fundamental liberties and right to interstate travel, protections guaranteed under the Fourteenth Amendment. (H.) The presentation of false and racially biased information to the Boston Juvenile Court, perpetuating a fraud upon the court and undermining Plaintiff's parental rights.( I.) Lieutenant Michael Levecque's receipt of material facts, including sworn statements and evidence of no injury and clear identification, and his subsequent failure to communicate, demonstrates the City of Cambridge's acquiescence to and ratification of a racially biased process.

57. The aforementioned conspiracy was motivated by racial animus or a class-based invidiously discriminatory animus against Black individuals and other minorities. This animus is evidenced by, but not limited to, the established pattern of disproportionate application of force (e.g., 65% of use-of-force incidents involving Black individuals by the Cambridge Police Department.

58. The unlawful, detention, and arrest of Plaintiff Frederick Connie on March 16, 2024 without probable cause, consistent with and in furtherance of pattern discriminatory arrests and police conduct.

59. The evidence of the 51a petitions that CHA and CCP copied word for word to mislead the The Boston Juvenile Court, engaging in, facilitating, or condoning the performance of an invasive medical procedure on a minor-child by Cambridge Health Alliance without a warrant or Plaintiff Frederick Connie consent, judicial approval, or probable cause, which act, particularly when viewed in the context of systemic racial disparities, furthers the conspiratorial objective of depriving Plaintiff Frederick Connie of constitutional rights protection under the law" and Fourth, Fourteenth Amendment violations.

As a direct and proximate result of this conspiracy, motivated by racial animus, Plaintiff suffered damages, including but not limited to, loss of liberty, emotional distress, damage to reputation, and legal cost, all of which are deprivation of his rights to equal protection and due process under the laws. Plaintiff realleges and incorporates by reference all preceding paragraphs. Defendants, including City of Cambridge, Lieutenant Michael Levecque, Jane Doe Cambridge Police Sergeant, Cambridge Health Alliance, RN Jennifer Vail, Pro Ems Corporation, John Doe Paramedic, and Jane Doe Paramedic, together with other unnamed individuals defendants acting in concert, formed a conspiracy with the purpose of depriving Plaintiff Frederick Connie of his constitutional rights, including but not limited to, his rights to liberty, due process, and equal protection under the Fourth and Fourteenth Amendments. (A.) The Defendants acted with an invidious discriminatory animus towards Plaintiff due to his race as a Black male. This racial animus motivated the conspiracy to deny Plaintiff equal protection of laws and equal privileges and immunities under the laws, specifically infringing upon his rights to be free from unlawful seizure and detention, and to a fair, truthful, and unbiased investigation in police and court proceedings. The Defendants' actions were specifically motivated by the protected class Plaintiff represents. In furtherance of this racially discriminatory conspiracy, Defendants engaged in a series of overt acts, including, but not limited to: a. The unlawful seizure of Minor Child without probable cause, despite Pro EMS and CHA medical staff clearance of no injury, motivated by baseless assumptions rooted in racial bias. (B.) The false statements made by City of Cambridge Police Officers and Cambridge Health Alliance staff regarding Plaintiff's identification, designed to create a misleading narrative. (C.) The false statement was made by City of Cambridge Police Officers and Cambridge Health Alliance staff regarding the minor child's place of seizure (claiming seizure from a "dirt lot in Arizona instead of 1st Bow Street in Cambridge, Massachusetts), . (D.) The unlawful background check conducted by RN Jennifer Vail, using Cambridge Health Alliance equipment, which was performed for the purpose of a criminal investigation and used to create a prejudicial narrative against Plaintiff. E. The false statements made by City of Cambridge Police Officers regarding Plaintiff's home address, particularly the claim that 15725 W. Belmont Dr, Casa Grande, Arizona, was "an empty dirt lot with no structures on it, "leading the Boston Juvenile Court to falsely believe Plaintiff was homeless. This deliberate misrepresentation of Plaintiff's residence, in the face of readily available contradictory evidence, constitutes a racially motivated failure to conduct a truthful and unbiased investigation. F. The knowing withholding of material exculpatory information from Juvenile Court, specifically the landlord's contract information for the Plaintiff's true residence, further perpetuating the false narrative about Plaintiff's living situations demonstrating a racially biased disregard for truthfulness in investigation. G. The unlawful detention and false imprisonment of Plaintiff Frederick Connie and minor Child, perpetrated by City of Cambridge Police Officers, Cambridge Health Alliance Security Guards, Dr. Joshua Mullera, RN Jennifer Vail, and Pro Ems Paramedics, wherein Defendants

explicitly stated, "we cannot allow plaintiff Frederick Connie to leave with minor-child due to the fact he is from out of state and we can not take the chance of letting him leave.

### Cause of Action count IV: Judicial Deception - 42 U.S.C. § 1983 against City of Cambridge Police Officers, Cambridge Health Alliance Medical Staff and Lieutenant Michael Levecque.

.       Plaintiff realleges and incorporates by reference all preceding paragraphs.

54.   Defendants CPD Officers, CHA Medical Staff (including Dr. Joshua Muller
      And RN Jennifer Vail), and Lieutenant Michael Levecque, acting under color of state law,
      knowingly and intentionally, or with reckless disregard for the truth, made false statements
      And material omissions to the Boston Juvenile Court.
55.   These false statements and omissions include, but are not limited to:
            A. The false claim that Plaintiff Frederick Connie failed to identify himself.
            that Minor Child was seized from 15725 W. Belmont Drive, Casa
             Grande, Arizona.
            B. The false representation that Plaintiff's Arizona address was an "empty dirt lot," leading
            the court to believe Plaintiff was homeless.
            C. The knowing omission of critical exculpatory information, specifically the landlord's name
            and phone number, which would have established Plaintiff's legitimate residence.
            D. The failure to inform the court that medical professionals (pro EMS and CHA medical
            staff, including Dr.Joshua Muller) had cleared Minor Child of any injuries or abuse.
56.   These false statements and material omissions were calculated to and did deceive the
      The Boston Juvenile Court, resulting in the unjust continuation of proceedings affecting
      Plaintiff's Liberty and parental rights.
57.   As a direct and proximate result of this judicial deception, Plaintiff suffered damages,
      Including but not limited to, prolonged unlawful detention, emotional distress, damage
      To reputation, and legal expenses.

### Cause of action count V: Monell Claim - Failure to Train/Supervise/Policy/Custom- 42 U.S.C. § 1983 against City of Cambridge and Cambridge Police department.

58.   Plaintiff re - alleges and incorporates by reference all preceding paragraphs.
59.   The City of Cambridge and the Cambridge Police Department, through their deliberate
      Indifference, maintained customs, policies, or practices that were the moving force behind
      The constitutional violations suffered by Plaintiff Frederick Connie.

60. These policies, customs, or practices include, but are not limited to:

    A. Accustomed or policy of unlawful seizures and detentions without probable cause, Particularly concerning minors where medical clearance indicates no harm.

    B. A custom or policy of failing to adequately train or supervise officers and staff Regarding Fourth Amendment requirements, especially concerning warrantless seizures And detentions of minors based on unfounded suspicions.

    C. A custom or policy of failing to adequately train or supervise officers and staff regarding the accurate reporting of facts to courts and prohibition against fabricating evidence or withholding exculpatory information.

    a custom or policy of allowing or encouraging discriminatory treatment of individuals based on their out-of-state residency.

    a custom or policy of ignoring or dismissing credible information, such as the affidavits and direct communication with Lieutenant Levecque, that would negate alleged probable Cause or false narratives.

61. The inadequacy of training or supervision was so severe that it amounted to deliberate Indifference to the rights of individuals with whom CPD personnel came into contact.

62. The constitutional violations suffered by Plaintiff Frederick Connie were a direct and Foreseeable consequence of these deliberately indifferent policies, customs, or Practices.

63. A. As a direct and proximate result of the City of Cambridge's and Cambridge Police Department's deliberate indifference, Plaintiff suffered damages, including but not Limited to, loss of liberty, emotional distress, and legal cost. The City of Cambridge's policymakers, including City Council members include Burhan Azeem, Marc McGovern, Patricia Nolan, Sumbul Siddiqui, Denise Simmons, Jivan Sobrinho-wheeler, Paul F. Toner, Ayesha Wilson, Catherine Zusy,City Manager Yi-An Huang, Police Commissioner Christine Ellow, responsible for police oversight, had actual or constructive knowledge of these widespread discriminatory practices and deliberately indifferent to their known or obvious consequences, which included the deprivation of constitutional rights of individuals like Plaintiff Frederick Connie.

    B. The City of Cambridge's deliberate indifference is demonstrated by failure to adequately address, investigate, and rectify the documented patterns of racial disparity in arrests and use of force, despite the availability of clear statistical data and reports. This includes, but is not limited to, its failure to implement sufficient training, supervision, and disciplinary measures to prevent such widespread constitutional violations.

C. The City of Cambridge's customs, policies, and practices were the 'moving force' behind the constitutional violations suffered by Plaintiff Frederick Connie, causing him to sustain damages as more fully set forth above

D. The actions and inactions of the City of Cambridge were malicious, oppressive, and reckless disregard of Plaintiff's Frederick Connie federally protected rights, entitling Plaintiff to punitive damages against individual defendants where applicable, and compensatory damages against the City of Cambridge."

## Cause of action Count VI: Monell Claim- Failure to Train/Supervise/Policy/Custom 42 U.S.C § 1983 against Cambridge Health Alliance.

64. Plaintiff realleges and incorporates by reference all preceding paragraphs.

65. Cambridge Health Alliance, through its deliberate indifference, maintained customs, Policies, or practices that were the moving force behind the constitutional violations Suffered by Plaintiff Frederick Connie.

66. These policies, customs, or practices include, but are not limited to:

   a. A custom or policy of unlawfully detaining individuals without legal authority, even After their own medical staff have cleared a minor of any injury or abuse.

   b. A custom or policy of failing to adequately train or supervise security guards and Medical staff regarding the legal limits of detention and appropriate cooperation With law enforcement, especially when medical findings contradict claims of harm.

   c. A custom or policy of allowing or encouraging medical staff to conduct Encouraging medical staff to conduct criminal background checks and investigations Using CHA equipment for purposes unrelated to patient care.

   d. A custom or policy of ignoring or dismissing credible information, such as the Affidavits that would negate alleged probable cause or false narratives.

The inadequacy of training or supervision was so severe that it amounted to deliberate Indifference to the rights of individuals with whom CHA personnel came into contact. The constitutional violations suffered by Plaintiff Frederick Connie were a direct And foreseeable consequence of these deliberately indifferent policies, customs, Or practices.

As a direct and proximate result of Cambridge Health Alliance deliberate Indifference, Plaintiff Frederick Connie suffered damages, including but not limited To, loss of liberty, emotional distress, and legal costs.

### Cause of Action Count VII :Impaired right to interstate travel (42 u.s.c § 1983 - Fourteenth Amendment

67. Plaintiff realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.
68. Defendants specifically Cambridge Police Officers, detained and unlawfully false/imprisonment Plaintiff Explicitly because he was "from out of state" thereby infringing upon Plaintiff's fundamental right to interstate travel, secured by the Fourteenth Amendment to the United States Constitution.
69. The Defendants' actions were arbitrary and lacked any legitimate government interest to justify such an infringement on Plaintiff's fundamental rights.

### Cause of Action Count VIII: Unlawful conduct of a criminal background check (42 u.s.c §1983 Fourteenth Amendment-Privacy

70. Plaintiff realleges and incorporates by reference the preceding paragraphs as it fully set forth herein
71. Defendant Jennifer Vail, acting under the color of state law, exceeded her medical staff duties by conducting
72. A criminal background check and google searching articles about deceased wife of Plaintiff without any legitimate medical or legal basis, thereby invading Plaintiff's privacy rights guaranteed by the Fourteenth
73. Amendment to the United States Constitution.
74. Defendants Vail's actions were arbitrary, lacked a rational basis, and constituted an unwarranted intrusion Into Plaintiff's personal information.

### Cause of Action Count IX: Injunctive Relief - 42 u.s.c. § 1983 (Fourth and Fourteenth Amendments)

### COUNT IX: Equitable Injunctive Relief - Prohibitory Injunction ("Do Not Detain") 42 u.s.c. § 1983 (Fourth and Fourteenth Amendments)

Plaintiff realleges and incorporates all preceding paragraphs as if fully set forth herein. As demonstrated in the preceding factual allegations and Causes of Action, Defendants, acting under color of state law, engaged in a pattern or practice of unconstitutional conduct, including unlawful seizure, false detention, judicial deception,

### VII. Damages:

75. As a direct and proximate result of the Defendants' unlawful conduct, Plaintiff Frederick Connie has suffered severe and ongoing damages, including but not limited to:
    a. Violation of Plaintiff Fourth Amendment rights against unlawful seizure and

    Detention and false imprisonment.

  b. Violation of Plaintiff Frederick Connie Fourteenth Amendment due process rights.

  c. Emotional distress, anxiety, and trauma.

  d. Loss of liberty and freedom of movement.

  e. Interference with parental rights.

  f. Damage reputation.

  g. Legal fees and expenses incurred in defending against false allegations in Boston Juvenile Court.

  h. Other compensatory damages to be proven at trial.

    Plaintiff seeks punitive damages against the individuals Defendants in their Official Capacity CPD Officers, CHA Security Guards, DR. Joshua Muller, RN Jennifer Vail Lieutenant Michael Levecque, and Pro Ems paramedics involved, due to their Malicious, wanton, and reckless disregard for Plaintiff Frederick Connie Constitutional rights.

## VIII. Prayer for Relief/ Demand for Judgement

    WHEREFORE, Plaintiff Frederick Connie, respectfully requests that this Honorable Court enter judgement against Defendants, City of Cambridge Municipality, Massachusetts, pro EMS, Cambridge Health Alliance hospital, Jennifer Vail, dr. Joshua mullera, and sergeant Jane doe ( to be identified through discovery), and each named defendant, jointly and severally, and grant the following relief:

**Declaratory Judgment:**

a. A declaration that Defendants violated Plaintiff Frederick Connie civil rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, as protected by 42 U.S.C. § 1983, by unlawfully detaining and imprisoning Plaintiff,and by depriving Plaintiff of his fundamental parental rights and due process through fabricated evidence and perjured testimony.

**Declaratory Judgment that the Defendants, and each of them, engaged in violation of 42 U.S.C. § 1985, by coordinating to submit false information and commit perjury to unlawfully remove minor child and sever Plaintiff's parental rights.**

b. Declare that the Defendants' policies, customs, and practices, as described in this complaint, were unconstitutional and caused the deprivation of Plaintiff's fundamental parental rights and due process.

c. for compensatory damages: Award Plaintiff compensatory damages in an amount sufficient to fully compensate Plaintiff for all direct and proximate injuries, including but not limited to:

1. Severe emotional distress and mental anguish
2. Profound pain and suffering
3. Loss of parental consortium and companionship with Plaintiff's minor child

Loss of enjoyment of life

4. Disruption and destruction of family relationships
5. Economic losses, including past and future medical and psychological treatment expenses ( e.g, therapy, counseling), cost incurred in legal proceedings related to the child's removal and adoption, and any other ascertainable pecuniary damages. **$16,000,000.00**

1. Attorney's Fees and Cost: Award Plaintiff reasonable attorney's fees, and all litigation costs, as authorized by 42 U.S.C. § 1988 and other applicable law
2. Pre-and Post-judgment Interest: award Plaintiff pre-judgment and post-judgement interest as allowed by law.
3. Other Relief: Grant such other and further relief as this Honorable Court deems just and proper Respectfully submitted.
4. For punitive damages against the individual defendants and the City of Cambridge for its *Monell* violations, if legally available under Massachusetts law or if the Monell claim encompasses conduct for which punitive damages are sought and allowed against a municipality under federal law
5. For a declaratory judgement pursuant to Massachusetts General Laws Chapter 231A and Massachusetts Rule of Civil Procedure 57, declaring:
    a. The policies, customs, and practices of the Cambridge Police Department regarding Due Process, constitutional violations under the Fourth, Fourteenth Amendment and false statements under penalties of perjury and unlawful imprisonment due to being from out-of-state. Massachusetts Declaration of Rights or other relevant state law, e.g., Articles 1, 10, 11, 12, 14 of the Massachusetts Declaration of Rights, or M.G.L. c. 12, § 11I (Massachusetts Civil Rights Act).
    b. That Defendants' conduct as described herein, constitutes state law violation false imprisonment, intentional infliction of emotional distress, negligent training/supervision, violation of the Massachusetts Civil Rights Act (M.G.L. c.12, § 11I), or other relevant state law torts or statutory violations.
    c. That seek clarity on under state law, e.g., the legal effect of a specific police department order or internal policy on individual rights under state law
    d. Over lap injunction relief

FREDERICK CONDIE
603-295-6134
135 Castle ST. Apt # 6
KEENE, NH 03431