US District Court For The District of Massachusetts

Frederick Connie (*one of the people*)
    **Plaintiff**

Vs.                                      Civil Action No: 1:25-cv-12075-ABD

Cambridge Health Alliance Municipality., et al,
Jennifer Vail (*official capacity*)
    **Defendants**

## OPPOSITION TO ANY ASSERTION MOTION

COMES NOW, the Plaintiff, Frederick Connie *one of the people (sui juris),* pursuant to Federal and State Laws. Plaintiff respectfully submits this opposition to any assertion, implicit or explicit, that Defendant Cambridge Health Alliance ("CHA") is entitled to sovereign immunity from the constitutional claims brought in this action under 42 u.s.c § 1983 and 42 u.s.c § 1985(3). Plaintiff alleges violations of the Fourth and Fourthteenth Amendments. It is Plaintiff's firm position that CHA, as a municipal entity, does not possess sovereign immunity from these claims, and this Court properly has jurisdiction over it as a defendant's.

I. **Cambridge Health Alliance is a Municipal Entity, Not an "Arm of the State," and thus Lacks Eleventh Amendment Sovereign Immunity**

The fundamental principle of the Eleventh Amendment sovereign immunity shields states and their "arms of the state" from suits for monetary damages in federal court without their consent. However, this protection does not extend to political subdivisions such as cities, counties, or towns (municipal corporations). CHA falls squarely into the category of a municipal entity, and therefore **cannot claim sovereign immunity.**

CHA's enabling act, Chapter 147 of the Acts of 1996, as amended by Chapter 365 of the Acts of 1998 ( the "CHA Enabling Act"), codified as Appendix § 3 to Chapter 111 of the Massachusetts General Laws (M.G.L.c. 111), explicitly mandates that CHA "operate as the City of Cambridge's public health department". Its Chief Executive Officer also serves as the Commissioner of Public Health for the City of Cambridge, Massachusetts. Furthermore, CHA is governed by a Board of Trustees whose members are appointed by the City Manager of Cambridge, MA, according to the University of Chicago Law Review. The direct appointment by a city official, rather than a state official, is a clear indicator of its municipal affiliation. Finally, CHA explicitly identifies itself as a "public entity subject to Massachusetts Public Records Law, M.G.L. CH. 66, § 10 and its official " **Tax Status " is listed as "Municipal".** These characteristics demonstrate that CHA is a local governmental entity, akin to a city department, and therefore does not share in the Commonwealth of Massachusetts's sovereign immunity.

II. **Cambridge Health Alliance is a "person" Acting "Under Color of State Law" Subject to Federal Civil Rights Claims.**

As a municipal entity, Cambridge Health Alliance is considered a "person" for the purposes of federal civil rights statutes, making it directly liable for constitutional violations.
**42 U.S.C. § 1983 Claims:** Section 1983 provides cause of action against "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory… subjects… to the Constitution and laws'. As a municipal entity operating the City of Cambridge's public health department, CHA inherently acts "under color of state law" when carrying out its functions, satisfying this key element of a § 1983 claim.

**42 U.S.C. § 1985(3) Claims:** Section 1985(3) addresses conspiracies to deprive individuals of the equal privileges and immunities. While § 1985(3) does not require "state action" by the conspirators themselves, it does require" state involvement " for Fourteenth Amendment-based rights. CHA's public nature and functions(e.g., operating the city's public health department) would satisfy this "state involvement" threshold, making it a proper defendant in such claims.

III. **Proper Service Establishes Federal Court Jurisdiction Over Cambridge Health Alliance**

Finally, Cambridge Health Alliance was properly served with the court summons and complaint by a constable sheriff to its registered agent on July 29, 2025. This act of service formally established the federal court's personal jurisdiction over Cambridge Health Alliance as a defendant in this case. The legal obligation to respond arises from this perfected service of process, regardless of when the entity's name was formally updated on the electronic docket. Furthermore, the Constitutional and civil rights violations, including the alleged unlawful detention/false imprisonment, occurred at CHA'S municipal address, 1493 Cambridge Street, Cambridge, MA 02139. The involvement of multiple CHA staff members, including Jennifer Vail and Joshua Mullera, three CHA security guards, and four City of Cambridge police officers (including Jane Doe police sergeant), suggests a potential "moving force" for the alleged constitutional violations, alignment with the requirements for municipal liability under § 1983, and potentially fulfilling the "class-based animus" requirement for a § 1985(3) claim, as outlined by USLegal, Inc.

For these reasons, Your Honor, Cambridge Health Alliance is a properly served defendant in this civil action, is not entitled to sovereign immunity, and is subject to the constitutional claims brought against it under 42 U.S.C. § 1983 and § 1985(3) for violations of the Fourth and Fourteenth Amendments.